GEORGE SMITH'S EXR. et al. *v.* MARY E. SMITH et al.

**Distribution of Decedent's Estate — Bond of Distributee.**

> The court will require the distributee or legatee, before receiving his distributive share or legacy, to execute a bond with good security to pay back the amount received by him, if any debts appear against the estate within five years.

APPEAL FROM MERCER CIRCUIT COURT.

October 8, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

The argument presented by the counsel to sustain the claim of appellants for the offset of the notes on George S. Smith against the claim of appellees to the legacy, though ingenious, is specious, and the difference attempted to be shown between this case and the case of Carson, etc. *v.* Carson's Exr., etc., 1 Metc. 300, has not been successful. Indeed that case was a stronger one for the executors than this, because there the son who was named as the devisee in his father's will owed the testator; here the indebtedness was to the executor. Regarding the case as analogous, and the construction of the statutes on the subject in the case referred

to as consistent with their letter and spirit and as altogether correct, we conclude that appellees are entitled to the legacy unincumbered by the claim for an offset attempted to be enforced against them by appellants.

But the second objection taken to the judgment is more serious. By section 471, Civil Code, it is provided that the court *shall* require the distributee or legatee, before receiving his distributive share or legacy, to execute bond, with good security, to the Commonwealth, conditioned to pay his proportion, not exceeding the amount received by him, of any debt which may appear against the estate of the decedent within five years after the grant of administration on the estate, etc. No such bond seems to have been executed or tendered in this case, and the judgment was prematurely rendered. Montjoy's Admr. *v.* Pearce, etc., 4 Metc. 97. Wherefore, because the requisite bond or bonds were not executed, the judgment is reversed, and the causes remanded for further proceedings consistent herewith.